REVELS, P. B., Associate Judge.
This is an appeal from an order of the County Judge’s Court of Pinellas County, Florida, wherein said court denied appellant’s petition for the custody of her minor son, age 13 years. The record discloses that sometime prior to March 1958 the appellant’s use of alcohol and drugs had dissipated her mental and physical health to such extent that it became necessary on or about March 23, 1958, to forcibly take her to the psychiatric ward of Jackson Memorial Hospital in Miami for the protection of her son and herself, thereafter on the 23rd of April, 1958, the County Judge’s Court, Dade County, Florida, adjudged her mentally incompetent and committed her to the South Florida State Hospital, thereafter on June 27, 1958, an order was entered by the same court adjudging appellant to be of sound mind.
Prior to March 1958 the appellant and her minor son resided together in Dade County, Florida; that the appellee, a resident of Pinellas County, was executor of the last will and testament of Nora B. De Hart, the grandmother of the minor child herein, and as such executor he was required to make monthly payments.to said minor in accordance with terms of the grandmother’s will. The appellee went to Dade County several times in the interest of said appellant and minor child, and when appellant could no longer care for said minor appellee interviewed one of the county judges of Dade County for appointment of guardian of the person of said minor and attempted to find a suitable home for said child, he retained an attorney in Miami to assist in this respect, but no suitable person to act as guardian and no place was found, and one of the county judges orally authorized the appellee to remove the minor child to Pinellas County, to his own home and to be enrolled in Admiral' Farragut Academy, St. Peters-burg; thereafter on May 31, 1958, the County Judge of Pinellas County, Florida, appointed the appellee guardian of the person of Stanley B. De Hart, Jr., the minor child. The appellant petitioned said court to restore to her the custody of her child, and after extensive testimony the county judge denied her petition, but granted rc - sonable visitation.
The first assignment of error deals with the question of venue. One of the county judges of Dade County orally authorized the appellee to take the child to Pinellas County and provide it a home and place to live. The removal of the child from Dade to Pinellas County was by lawful means although no formal proceedings were instituted in Dade County, formal proceedings are the approved method by which matters of this kind should be processed, but the absence of the same will not nullify the authorization granted by the county judge’s court of Dade County. After the lawful removal of said minor to Pinellas County guardianship proceedings were instituted in the county judge’s court of Pinellas County relating all the tragic circumstances of this case. The grandfather being the next nearest of kin sui juris filed his waiver of right to be appointed guardian and his consent that the appellee be so appointed; thereafter the matter was heard upon its merits by the county judge of said court who rendered his order appointing appellee the guardian. The question of venue was not raised until long after the entry of said order and after the mother was released from the South Florida State Hospital. The question raised upon this point cannot be one of jurisdiction, because a reading of the Florida Statutes upon the subject *15 will disclose that the County Judge’s Court of Pinellas County had jurisdiction of the subject matter:
Florida Statutes, 1957, Section 39.02(1), F.S.A.:
“The juvenile court shall have exclusive original jurisdiction of dependent and delinquent children domiciled, living or found within the county or district in which the court is established. The juvenile court of the county or district in which the child is found shall assume jurisdiction of the child, which jurisdiction shall be exclusive unless the judge thereof, upon approval of the judge of the juvenile court of the county or district in which is located the domicile or usual residence of the child, shall transfer the case and child to the latter court, before or after hearing, in which event the latter court shall thereafter exercise exclusive jurisdiction.”
Florida Statutes, 1957, Sec. 744.06, F.S. A.
“(a) The county judge shall have jurisdiction over all matters pertaining to guardians and wards and to the management and the administration of the property of wards, regardless of the origin or cause of the incompetency of the ward. * * *
“(d) In a conflict as to jurisdiction between county judges’ courts, the first to obtain lawful jurisdiction shall retain it.”
Florida Statutes, 1957, Sec. 744.10, F.S. A.
“Change of domicile of ward. — The domicile of a resident ward is the county in which the guardian of the person was lawfully appointed. The county judge may, upon good cause shown by petition of the guardian of the person and proof of the allegations therein contained authorize a change of domicile of the ward.”
When one is involved in a personal action, wherein the subject matter of the cause is within the jurisdiction of the court issuing the process, even though it is not the county of residence the privilege of being sued in county of residence is waived unless timely exerted; and unless the question of venue is raised prior to disposition of the case and judgment is entered thereon upon the merits, such judgment so entered is valid and thereafter the question of privilege will be of no avail. 56 American Jurisprudence par. 38:
“When a court has jurisdiction it has power, in the absence of an objection to the venue, to render a judgment binding on the parties.”
56 American Jurisprudence par. 40:
“An objection that the venue of an action is laid in the wrong county, where the court in which the action is brought has jurisdiction, is a dilatory one which can be availed of only if timely objection is made.
“Clearly, a failure to raise the objection before trial that an action was instituted in the wrong county will operate as a waiver of the objection.”
Since the question of venue was not raised during the progress and disposition of the initial guardianship proceedings it cannot now be exerted and used to void a valid judgment rendered by the said county judge.
The second assignment of error is whether or not the mother is entitled to the custody of the child as a matter of right regardless of the welfare of the child. The law upon this subject has been repeatedly enunciated by the Appellate Courts of this State that in determining the custody and guardianship of a child the child’s welfare is of paramount concern, rising above the parents’ natural and equitable right to guardianship. This principle of law has been established by precedent in strong and well reasoned opinions and it is not *16 necessary to repeat the same in this case. Said assignment of error is without merit and is disposed of by the authority of Marshall v. Reams, 32 Fla. 499, 14 So. 95; Hancock v. Dupree, 100 Fla. 617, 129 So. 822; Watland v. Hurley, 133 Fla. 317, 183 So. 255; Marsh v. Marsh, Fla.App.1958, 105 So.2d 507; Eades v. Dorio, Fla.App. 1959, 113 So.2d 232.
The judge of the lower court personally heard the witnesses, including the family physician plus two other doctors and the thirteen year old minor child. The record contains substantial material evidence to support the finding and judgment of said judge, in that it was for the best interest of said child that the mother be not awarded the custody of her child at that time. She had only recently been released from the South Florida State Hospital; experts were in agreement that she had made improvement in her physical, emotional and mental stability; but she still had a long way to go. The county judge’s order very frankly recognized her rights as soon as it appeared to him that she was far enough removed from the excessive use of alcohol and the addiction to drugs that she could reasonably be expected to properly care for her child then the court would be more than anxious to restore the child to her.
“The present status of the relationship between Stanley and his mother is deplorable, but Carmelina M. De-Hart and not Stanley B. DeHart, Jr. is responsible for this situation. Every reasonable effort should, of course, be made by both of them to restore what at one time may have been a normal affection existing between mother and son. When substantial progress has been made in that direction, this court would be most receptive to further considering the question of restoring Stanley’s custody to his mother.”
The mother’s condition and habits may have improved sufficiently to now justify her position, but we have only the record made up many months ago, and must decide this case upon that record, therefore it is for the lower court to reappraise the matter at any time the mother desires to be heard to determine whether or not her condition will now warrant the return of the child to her. The judgment of the lower court is affirmed without prejudice.
ALLEN, C. J., and KANNER, J., concur.