WIGGINTON, Judge
(dissenting).
I regret the necessity for respectfully dissenting'from the majority opinion rendered by this court.
A study of the record in this case persuades me to the view that the majority has held as a matter of law that jurisdiction and venue are synonymous, and that domicile and residence are likewise synonymous. The terms “jurisdiction”, “venue”, “domicile” and “residence” are words of art, each of which have separate and distinct meanings in the law.
The clear import of the majority opinion is that a guardianship proceeding may be instituted only in the county of the incompetent’s domicile, and if the proceeding is instituted in any other county, the court of that county is without jurisdiction.
The Constitution of this State vests in the County Judge’s Courts of Florida original jurisdiction to grant letters of guardianship. F.S. Chapter 744, F.S.A., prescribes the procedure to be followed in obtaining the appointment of a guardian for the person and estate of an incompetent. The statute *210 makes a clear distinction between the terms domicile and residence.
Section 744.10 provides that the domicile of a resident ward is the county in which the guardian of the person is lawfully appointed. The next succeeding section of the statute, § 744.11, provides that the venue in proceedings for the appointment of any guardian for an incompetent resident of this state shall be in the county where the incompetent resides. If the Legislature had intended to restrict the institution of guardianship proceedings only to the county in which the incompetent is domiciled, it most certainly would have said so. The Legislature never intended for the domicile of the incompetent to control the venue of proceedings for the appointment of his guardian, but on the contrary provided that such proceedings be instituted in the county where the incompetent may be residing at the time the proceedings are instituted. The majority opinion holds that the Legislature did not know the difference in meaning between the words “domicile” and “residence” when it employed those terms in the enactment of the Florida Guardianship Law. I am aware orf no precedent, and none has been cited, which sanctions indulgence in such an unwarranted assumption as a proper principle of statutory construction.
In the case we now review it appears without conflict that Mrs. Mickler, formerly domiciled for many years in Hernando County, became apprehensive that some persons residing in her hometown were going to have her committed to a mental institution, and therefore requested appellee to come and rescue her. Appellee traveled from her home in Perry to Mrs. Mickler’s home in Brooksville, and after satisfying herself of Mrs. Mickler’s intention and desire to leave the latter community, brought her to appellee’s home in Perry where she commenced caring for her. There is no conflict in the evidence that Mrs. Mickler was residing in the home of appellee at Perry for a period of approximately one week before appellee became convinced that she was not capable of caring either for herself or her property. It was then that ap-pellee petitioned the County Judge’s Court of Taylor County for a committee to examine the mental competency of Mrs. Mickler, which resulted in the entry of a judgment of incompetency.
The evidence affirmatively establishes that Mrs. Mickler was residing at Perry in Taylor County, Florida, and had been so residing for a period of some six weeks prior to the filing of the petition for appointment of a guardian. Under these circumstances there can be no question but that Taylor County was the proper venue for institution of the guardianship proceedings, since that was the county in which the incompetent was residing at the time the proceedings were instituted as provided by statute. The fact that prior to the adjudication of incompetency Mrs. Mickler may have been domiciled in Hernando County for many years prior to the time she took up her residence with appellee in Taylor County is wholly immaterial.
Secondly, even conceding for the sake of discussion that Taylor County was not the proper venue for institution of the guardianship proceedings, it cannot be questioned that the County Judge’s Court of that County had jurisdiction over the person of the incompetent and the subject matter of the proceeding. This jurisdiction is vested in County Judge’s Courts by the Constitution of this state. It is so fundamental as not to require an extensive citation of authorities to support the principle that all venue statutes are designed exclusively to serve the convenience of the parties who are called upon to defend a civil action instituted in the courts of this state.[1] It has been uniformly held that the issue of improper venue is an affirmative defense which one may timely assert by appropriate pleadings, or which may be waived. The only manner in which the issue of improper venue may be raised is by motion to dismiss
*211 the proceedings on that ground, or by incorporating such ground as a defense in such responsive pleadings as may be filed to the petition or complaint.[2] Unless the question of improper venue is timely raised in the manner above stated, it is considered waived and no longer can be interposed as a defense to the proceeding.[3] The statute provides that where a case is laid in a wrong venue and no timely objection is made thereto by one or more of the parties, the court may proceed to a final disposition of the case which shall be binding on the parties.[4]
This question was squarely raised and decided by the Second District Court of Appeal in the De Hart case.[5] In De Hart it was held that when a court has jurisdiction, it has power, in the absence of an objection to the venue, to render a judgment binding on the parties. It was further held that an objection that the venue of an action is laid in the wrong county, where the court in which the action is brought has jurisdiction, is a dilatory one which can be availed of only if timely objection is made. The court held that clearly a failure to raise the objection before trial that an action was instituted in the wrong county will operate as a waiver of the objection.
The majority opinion attempts to distinguish De Hart on two factual grounds. It is first asserted that in the latter case the next of kin filed his waiver to be appointed guardian of the minor involved in that proceeding, whereas in the case now considered no such waiver was executed. The next of kin in De Hart was the minor’s grandfather who resided in Pinellas County where the guardian was actually appointed, and not in Dade County where the minor was previously domiciled and resided. If this fact were of any importance to the ultimate decision, it seems clear from the opinion that had the grandfather petitioned for appointment as guardian of the minor, he would have been eligible for such appointment by the county judge of Pinellas County without violating the venue provision of the statute respecting residence of the minor, even though the latter’s previous domicile and residence had been in Dade County.
The majority next asserts that in De Hart the county judge of the minor’s resident county authorized his removal to Pinellas County where the guardianship proceedings were instituted and the guardian appointed, whereas in the case now reviewed no such authorization was given by the county judge of Mrs. Mickler’s previous domicile in Hernando County. In De Hart it might have been necessary to secure authorization of the county judge of Dade County for removal of the minor to Pinellas County since that case involved a dependent minor who was a natural ward of the court in the county of its domicile, and whose custody is controlled by statutes relating to minors. We know of no authority, and none has been cited in the majority opinion, which requires such authorization in the case of adults prior to an adjudication of incompetency. The factual distinctions between De Hart and this case are irrelevant, immaterial and in no manner render inapplicable the rule of law announced in De Hart with respect to waiver of an objection to improper venue.
The issue of improper venue was not raised as a defense to the guardianship proceedings, but is relied on as a ground for removal of the guardian in this collateral proceeding brought not by the incompetent directly affected by the proceeding, but by distant relatives residing in Columbia County, and at a time long after issuance of letters of guardianship. The issue of improper venue not having been timely raised, it may not later be asserted as a ground for collateral attack upon the *212 judgment appointing the guardian in this case.
The Florida Guardianship Law specifies twelve reasons or grounds upon which a guardian, once appointed by a court having jurisdiction, may be removed.[6] The remedy provided by this statute is exclusive. An examination of the statute reveals that improper venue of the court appointing the guardian is not specified as one of the grounds for his removal. I therefore find it difficult to understand how this court may with propriety order a guardian to be removed for a reason and upon a ground not authorized by law. The only justification for such a direction by this court could be upon a showing that the court appointing the guardian lacked jurisdiction over the subject matter of the proceeding, or over the person of the incompetent. Since the majority opinion orders that the guardian be removed on the ground that the appointing court was not the proper venue for institution of the proceedings, I am persuaded that the majority has confused venue with jurisdiction, and has erroneously treated the two terms as synonymous.
For the reasons set forth above it is my view, and I would so hold, that the order entered by the County Judge of Taylor County denying the petition to revoke the letters of guardianship issued to appellee, Eula L. Hendricks, was proper and should be affirmed.

. Rule 1.11(b), 1954 R.C.P., 30 F.S.A.

. 34 Fla.Jur. — Venue, p. 39, § 34.

. F.S. Section 53.17, F.S.A.

. In re De Hart, a minor, (Fla.App.1959) 114 So.2d 13.

. F.S. See. 740.03, F.S.A.