HENDRY, Judge.
Petitioners filed a petition for writ of certiorari seeking review of a decision of the Florida Industrial Commission sitting-as the Unemployment Compensation Board of Review.
Petitioners were employees of various-transit companies purchased by Dade County on February 9, 1962, and now operated under the Metropolitan Dade County Transit Authority. Following the purchase, petitioners filed claims for unemployment compensation benefits. The claims examiner found that the petitioners were, from January 29, 1962, to the date of the hearing,, involved in a labor dispute and, therefore,, were not entitled to unemployment benefits..
A timely and proper appeal was taken by-petitioners from that ruling and on March' 21, 1962, the Commission’s chief appeals, referee conducted a hearing by virtue of which he found that the labor dispute ceased' to exist subsequent to February 8, 1962). when the employer-corporations were dissolved. After that date the petitioners’ unemployment was due to lack of work. Accordingly, said referee affirmed the determination of the claims examiner to the-extent that it disqualified the claimants from benefits from January 29, 1962 through February 8, 1962, but not thereafter.
No appeal was taken by either party from this decision of the chief appeals referee.. However, shortly thereafter the respondent’s chairman appointed a special examiner to determine whether the claimants’ unemployment was due to a labor dispute in. active progress which existed at the establishment at which they are or were last employed, within the meaning of § 443.06 (4), Fla.Stat., F.S.A. This was the same issue which the chief appeals referee hadi ruled upon.
The special examiner scheduled a hearing-from which he found that the petitioners-were disqualified from unemployment compensation benefits “for the period beginning-February 9, 1962, and until such time that it is shown to the satisfaction of the Com *503 mission that their labor dispute with the [Metropolitan Dade County Transit Authority] has ceased to exist.”
Petitioners appealed from the special examiner’s determination to the respondent’s board of review which subsequently adopted and affirmed that determination.
Thereafter, this petition for writ of cer-tiorari was filed.
Petitioners contend that the Florida Industrial Commission had no right or authority to appoint a special examiner pursuant to § 443.07(3) (b), Fla.Stat., F.S.A., to determine an issue that had already been ruled upon by the chief appeals referee and which decision had become final by reason of the respondents’ failure to take a timely appeal.
The respondents contend that the appointment of the special examiner was proper and stayed the finality of the appeals referee’s decision. Respondents further contend that the appeals referee never determined whether a labor dispute- existed after February 8,- 1962, as between the petitioners and the Metropolitan Dade County Transit Authority. .
While both parties also presented arguments on the merits of the .special examiner’s decision, we deem the procedural issue to be determinative inasmuch as we agree with the petitioners that the respondent had no authority to appoint a special examiner after the claims examiner’s ruling had been appealed and had been modified by the chief appeals referee’s decision, which decision had become final.
The authority of the commission to appoint a special examiner is contained in § 443.07(3) (b), Fla.Stat., F.S.A., which reads in part as follows:
“(b) Determinations in Labor Dispute Cases—
Whenever any claim involves the application of the provisions of § 443.6(4), the examiner handling the claim shall, if so directed by the commission, promptly transmit such claim to a special examiner designated by the commissioners to make a determination upon the issues involved under that subsection or upon such claims.”
This section further provides that the special examiner’s determination shall be final unless a timely appeal from that determination is filed with the board of review or notice of review is entered by that body.
It is clear to us that the above quoted section only authorizes the appointment of a special examiner where the claim involves the application of § 443.06(4), and then only while the examiner is still handling the claim. In the instant case, not only was the special examiner appointed after the examiner had made a ruling, but said ruling had already been modified by a decision of the chief appeals referee, on appeal.
Further, since § 443.07(3) (b) provides for appeal to the board of review from a special examiner’s determination, to allow the procedure undertaken would render the chief appeals referee’s decision a nullity. It would give the commission the power to authorize a new original hearing after hearings had previously been held by the examiner and the appeals referee, and decisions had been rendered by both. There must be a determinable end to litigation and the statute so provided.
Administrative powers may only be exercised in accordance with the statute bestowing such powers and the administrators can act only in the mode prescribed by statute.[1] The procedure outlined in § 443.-07(3) (b) for the appointment of a special examiner was clear and could not be altered at the discretion of the Commission.
The appointment of the special examiner being unauthorized in the instant case, we are left with the decision of the appeals referee. In his decision the appeals referee *504 found that there was no labor dispute m active progress after February 8, 1962, and that thereafter, the petitioners were unemployed due to a lay-off because of lack of work. This determination became final in accordance with § 443.07(4) (b) (3) when the parties failed to initiate further review pursuant to § 443.07(4) (c).
Therefore, the petition for writ of certi-orari is granted, the decision of the board of review is quashed.
Certiorari granted.

. See Edgerton v. International Company, Fla.1956, 89 So.2d 488.