DREW, Justice.
The petition for writ of certiorari in this case is predicated on a certification by the district court that the decision passes upon a question of great public interest. The questioned decision [1] quashed an order of the Florida Industrial Commission sitting as the Board of Review (hereafter called Board) in administration of the unemployment compensation law, Chapter 443, Florida Statutes, F.S.A. The disputed order of the Board held, pursuant to- a determination by special examiner on May 23, 1962, that there was a labor dispute in active progress at the premises at which the respondents (transit company employees) were last employed, and that respondents were accordingly disqualified for unemployment- compensation benefits for the period in controversy from February 9, 1962, for the duration of such dispute.[2]
Upon review by certiorari the district court vacated the Board’s order on the ground the Board lacked power to review the ruling of the appeals referee, holding compensation to be payable from February 9 through March 21, because “the parties failed to initiate further review pursuant *881 to Sec. 443.07(4) (c),”[3] and thereby gave finality to his finding. The Board’s appointment of a special examiner was held contrary to its statutory limitations, Section 443.07(3) (b) [4] being construed to permit such appointment in labor dispute cases only prior to the initial disposition of a claim by an examiner.
We note at the outset the transitory nature of claims under the act and the fact that the decision of the appeals referee does not purport to make final disposition of claims for the period of time subsequent to his order, as to which period the rationale of the court below would be wholly inapplicable. Even with respect to claims covered by the referee’s order, however, we conclude that in context the last cited statute governing appointment of special examiners cannot reasonably be given the restricted meaning accorded below. The provision is that “ivhenever any claim involves the application of” the labor dispute disqualification then if the commission so directs “the examiner handling the claim shall * * * transmit such claim to a special examiner.” Authority for the commission’s designation of a special examiner under this section is thus stated in an indirect fashion and is not explicitly limited to the period prior to initial disposition of a claim by an examiner. In the absence of an express limitation and in view of the broad authority vested in the Board in connection with its ordinary review of decisions by an appeals referee,[5] we are unable to read into the statute, merely because it directs “the examiner” to transmit a claim, any intent to restrict the commission’s power of appointment of special examiners in labor dispute cases to the time while the claim remains in the hands of an examiner upon initial consideration. Since the act clearly permits the commission to direct the taking of additional evidence in the course of an ordinary review after decision by an appeals referee, there would be no plausible explanation for providing a different limitation upon its power to direct the taking of additional evidence by a special examiner pursuant to the specific provisions of Sec. 443.07(3) (b), “[whenever any claim involves the application of the provisions of § 443.06(4),” even after determination by an appeals referee. It is not necessary, of course, to direct “the examiner” to transmit the claim, because the appointment of a special examiner at that point on the limited issue in dispute does not interrupt or interfere with the jurisdiction of either the examiner or appeals referee over a claim in progress.
The decision of the district court in this proceeding was also rendered on the *882 premise that the determination by the appeals referee became final and unassailable because “the parties failed to initiate further review pursuant to Sec. 443.07(6) (c).” The record indicates, however, that the Commission by a memorandum of April 9, 1962, served notice that the resort to a special examiner “will have the same effect as any other regular Commission appeal.” In practical effect, the Board by this notice exercised its clear statutory power to “initiate a review of the decision.” The timely appointment of the special examiner in this case, pursuant to the provision of the act which is above construed to permit such appointment, served in any event to prevent the referee’s decision becoming final insofar as it involved the issue submitted to the special examiner. Since the Board’s ultimate review in these proceedings was limited to the special examiner’s findings and determination and did not involve other aspects of the decision of the appeals referee, it is immaterial whether the appointment of the special examiner is regarded as in aid of or in lieu of a review of the .referee’s decision by the Board on its own motion.
The decision of the referee allowing unemployment benefits after February 8, 1962, was based on his finding of fact that subsequent to the transfer of the employer transportation company stock to metropolitan authorities on that date, “there was no existent employer-corporation to be engaged in a dispute,” and upon his conclusion of law that for that .reason “the labor dispute in active progress ceased to exist.” On this point the conclusion of the special examiner, adopted by the Board, was that the labor dispute disqualification of the unemployment compensation law, F.S. Sec. 443.06(4), F.S.A., depends not upon continuity of the employer corporate entity but, in the statutory words, upon the existence of a dispute “at the factory, establishment or other premises at which [claimant] is or was last employed.”
Upon full consideration of the record and all issues raised in the proceeding below and in this Court, we conclude that the claimants’ attacks upon the procedural propriety and merits of the Board’s ruling have no merit. The judgment of the district court should accordingly be quashed and the cause remanded for the entry of an order affirming the decision of the Board in accordance with this opinion.
It is so ordered.
ROBERTS, C. J., and TERRELL, O’CONNELL and CALDWELL, JJ., concur.

. 150 So.2d 501.

. F.S. Sec. 443.06(4), F.S.A., provides:
“An individual shall be disqualified for benefits: * * * [f]or any week with respect to which the commission finds that his total or partial unemployment is due to a labor dispute in active progress which exists at the factory, establishment or other premises at tohieh he is or was last employed, * * (e. s.)

.“443.07 * * * (4) Appeals. * * * (e) Review by board of review. — The board of review may, on its own motion, within the time specified in paragraph (b) of this subsection, initiate a review of the decision of an appeals referee or determination of a special examiner or may allow an appeal from such decision on application filed within such time by any party entitled to notice of such decision. An appeal filed by any such party shall be allowed as of right if the examiner’s determination was not affirmed by the appeals referee. Upon review on its own motion or upon appeal, the board may on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct be taken, affirm, modify or reverse the findings and conclusions of the appeals referee. The board may remove to itself or transfer to another appeals referee the proceedings on any claim pending before an appeals referee. Any proceeding so removed to the board prior to the completion of a fair hearing shall be heard by the board in accordance with the requirement of this subsection with respect to proceedings before an appeals referee. * * * ”

. “443.07 * * * (3) Determination. * * * (b) Determinations in labor dispute cases. — Whenever any claim involves the application of the provisions of § 443.06(4), the examiner handling the claim shall, if so directed by the commission, promptly transmit such claim to a special examiner designated by the commission to make a determination upon the issues involved under that subsection or upon such claims. * * * ”

. Note 3, supra.