HITUP MADDOX, PLAINTIFF IN ERROR, v. LEDA RAY BARR, DEFENDANT IN ERROR.

1. A return to a writ of habeas corpus for the possession of a child that the mother held the child by virtue of an alleged agreement between the parents is insufficient to overcome the force of a decree, subsequently rendered by a court of competent jurisdiction, awarding the custody of the child to the father.

2. Affidavits as to matters occurring at the trial of a writ of habeas corpus will not be considered by an appellate court, in the absence of a bill of exceptions.

This case was decided by Division A.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the Court.

J. A. Carlisle and Robt. E. Davis, for Plaintiff in Error.

No appearance for Defendant in Error.

COCKRELL. J. This writ of error was allowed by the Judge of the Third Judicial Circuit to have reviewed his action in remanding a seven year old child to the custody of the mother on writ of habeas corpus.

The father in his petition alleged under oath in substance that on January 19th, 1903, a decree was rendered in the Circuit Court of the Fifth Judicial Circuit, divorcing the petitioner and his wife Leda Ray Maddox now Leda Ray Barr, and giving to the petitioner the custody, control and education of their child Eugene, as "will be more fully shown by reference to a certified copy of said decree hereto attached as Exhibit Number One, and made part hereof;" that in October, 1903, the child was delivered to the father by the mother who two weeks thereafter surreptitiously carried the child away and withholds exclusive possession of him. The writ of habeas corpus that issued merely ordered that the child be brought before the judge together with the cause of the detention, without reciting any of the allegations of the petition. The return is as follows: "And now on this the return day of the writ herein comes the respondent Leda Ray Barr, and brings the body of the said Eugene Maddox

and denies that the said Eugene Maddox is now, or has at any time been unlawfully confined and detained by her, but avers that said Eugene Maddox is her son, and has been under her control and in her care and custody under and by virtue of the right vested in her as the mother of said Eugene Maddox, and that the right to the control and custody of the said Eugene Maddox has never been denied, but was mutually agreed to by and between respondent and Hitup Maddox, the father of the said Eugene Maddox, in the year 1902, since which time, she, the respondent, has had peaceable and undisputed control of the said Eugene Maddox, and the care, and expense of his living."

There is some confusion as to the exact status of the pleadings upon which the cause was submitted to the court, nor is there a bill of exceptions in the cause. In the transcript following immediately the petition appears a certified copy of the decree of divorce referred to as Exhibit 1, which bears an endorsement of the Circuit Judge that no such decree was submitted to him on the hearing and that the attorney for petitioner stated he did not have the decree, and a further endorsement by the judge that it was before him on the day the writ of *habeas corpus* issued. There are affidavits of petitioner's attorney and the clerk of the court copied into the record, but these in the absence of a bill of exceptions can not be considered by us.

The court's order recites that the cause came "on to be heard upon the petition of Hitup Maddox praying for the custody and control of Eugene Maddox, and the return and answer of the respondent Leda Ray Barr and no evidence being before the court except the petition and return of the respondent, upon consideration thereof," the

prayer of the petition is denied and the custody of the child given the mother.

It would appear, therefore, that by agreement of the parties the cause was submitted upon the sworn petition and the sworn return, whether treated as matters of pleading or as matters of evidence, and that no other evidence was before the court. In either view we are of the opinion that the respondent failed to meet the case made by the petitioner. No issue is made upon the validity or existence of the decree of divorce, either by way of testing the sufficiency of the manner of its pleading or by calling for proof or by averring that the decree had been reversed or modified, or otherwise. The only pretence of a defense is that the year previous to the decree there had been an agreement, whether upon a consideration valid or otherwise does not appear, that the mother should have the child. No showing is made or attempted why such an agreement, if any such had actually been made on a meritorious consideration, was not shown to the chancellor to be considered by him in awarding the child. In Miller v. Miller, 38 Fla. 227, 20 South. Rep. 989, we said that the cardinal rule by which courts are guided in awarding the custody is the welfare of the child and not the technical legal right. And under that same cardinal rule the court might under certain conditions set aside an agreement between the parents, if the child's welfare called for such interposition. The fact of the decree of divorce and awarding the custody of the child to the father was on this hearing sufficiently established and admitting as true the allegations of the return, they do not overcome the force and effect of the decree.

It follows that the order remanding the child to the

custody of the mother must be reversed, and it is so ordered.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.