BEATRICE ROBERTSON, PLAINTIFF IN ERROR, v. COLUMBUS BASS, DEFENDANT IN ERROR.

1. A mother having articled her infant children in Georgia to a stranger who has maintained them decently and lovingly, on a contest over their possession in this State, the court need not inquire whether the Georgia statute governing apprenticeships has been strictly complied with, when the maternal right only is involved.

2. The trial of the issue on *habeas corpus* for the possession of a child being to the court, it may receive evidence as to the laws of a sister State as to the capacity of a married woman to contract even though such laws may not have been strictly complied with by the party offering the evidence.

3. In controversies over the possession of a child three matters are to be considered: the rights of the parent, the rights and interests of the person to whom the care and custody of the child has been entrusted, and the welfare of the child. The first may be forfeited by misconduct or voluntary relinquishment; the agreement to relinquish is not absolute and irrevocable, but when a conten-

tion arises much will depend on the character of the parties, the length of time elapsed and the circumstances of the particular case; all, however, subordinate to the interests of the child.

4. The Circuit Court having left with the foster-parents two small children who when feeble and helpless were voluntarily relinquished to them by the mother, now a stranger to them, after the lapse of four years the status will not be disturbed by the appellate court because the mother has bettered her condition by a recent marriage; it not being made to appear that the interests of the children demand the change.

(WHITFIELD, and PARKHILL, JJ., dissenting.)

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*Carter & McCollum,* for Plaintiff in Error;

*Chas. E. Davis,* for Defendant in Error.

COCKRELL, J.: In March, 1906, Mrs. Robertson in her own name instituted *habeas corpus* proceedings to secure possession of her two minor children, aged respectively seven and five years, from Columbus Bass, alleging that he retained them unlawfullly and wrongfully. Mr. Bass made return to the writ that he held the children under a written agreement executed in the State of Georgia, the then residence of the parties, whereby the custody and control of the children passed to him until the boy

arrived at the age of twenty-one and the girl became eighteen. Issue was joined upon this return and evidence taken before the Circuit Judge, whereupon it was adjudged the writ be discharged and the custody of the children awarded to the respondent; the petitioner thereupon sued out her writ of error, which was allowed to review this judgment.

The facts of the case briefly stated show as follows: Mrs. Robertson, then Mrs. Boyd, a widow, with her five children, was living in Georgia. Mr. Bass and his wife, whose only children, two daughters, were grown, were desirous of adopting the baby boy, but Mrs. Boyd objected. Soon thereafter, however, having married a Mr. Smith, who manifested hostility to the children, she opened up negotiations with Mr. Bass for a temporary placing of the youngest children with him, but to this he objected upon the ground that he was unwilling to risk the chances of becoming so attached to the children by ties of affection that the painful severance of the tie would more than offset the pleasure he and his family would obtain during the temporary arrangement and insisted he must have entire and complete care and control of them. This was agreed to, and after consultation with a Georgia lawyer, several articles of apprenticeship were drawn up and executed under seal by Mrs. Smith, as she then was, and Mr. Bass, binding and apprenticing the children till a certain age to Mr. Bass conditioned upon maintenance, protection, humane treatment and instruction. Both parties subsequently moved to Florida and Mr. Smith having died Mrs. Smith married D. R. Robertson. Her circumstances in life being bettered by this last marriage and her husband sharing in her desire for the custody of the children, she made demand upon Mr. Bass for them,

and the demand being refused, she seeks to obtain them by this writ.

There is no pretence that Mr. Bass has not in all respects complied with the condition of the agreement and it is clearly shown that he and his family are giving the children the necessary care, attention and nurture and moreover love them as if they were their own. The children are of tender years and were not examined, but in all likelihood have completely forgotten their own mother whom they have not seen for several years. There is little to choose between the advantages offered by the respective homes in a worldly way, considering all the conditions, and nothing to cause us to interfere in the interest of the children with the discretion of the lower court.

We find no error in the reception by the court, who decides the facts without the intervention of the jury, of evidence as to the Georgia law upon the subject of contracting away parental rights, and of the capacity of married women to contract. These laws differ from the laws of our State and it was proper that the court be advised thereon. Nor need we definitely determine whether the contract was strictly in compliance with the laws of that State.   It appears that a married woman there, with exceptions not necessary to notice, may contract as if she were *feme sole,* and in view of the hardship and most valuable consideration on the part of Mr. Bass in taking into his family the two children, one a sickly baby of one year, supplying them with nursing, medical attendance and general care during four years, we feel safe in following Chief Justice SHAW in saying that whatever may be the rights of the infants, the mother is estopped to deny the effect of her deed. Curtis v. Curtis, 5 Gray (Mass.) 535.

In controversies of this character, three matters are to

be regarded: the rights of the parent, the rights and interests of the person or persons to whom the care and custody of the infant child has been given by the parent and the welfare of the child. The first of these may be forfeited by misconduct or voluntary relinquishment; the agreement to relinquish is not absolute and irrevocable, but when a contention arises much will depend on the characters of the parties, the length of time elapsed and the circumstances of the particular case; all however subordinate to the interests of the child.

In the case before us the children are happily placed where they are; the step-father is a stranger to them and has a large family of his own and has but recently married the mother; it is problematical therefore what might be the condition in the new surroundings. After such length of time, the ties of companionship have likely become stronger than the ties of blood and the probabilities of happiness seem stronger where they are.

In holding with the Circuit Judge that it would be unwise at this stage, at least, to make the change, we are supported by abundant authority. Verser v. Ford, 37 Ark. 27; James v. Cleghorn, 54 Ga. 1; Bentley v. Terry, 59 Ga. 555, S. C. 27 Am. Rep. 399; Smith v. Bragg, 68 Ga. 650; People v. Porter, 23 Ill. App. 196; Bonnett v. Bonnett, 61 Iowa 199, 16 N. W. Rep. 91, S. C. 47 Am. Rep. 810; State v. Barrett, 45 N. H. 15; Clark v. Bayer, 32 Ohio St. 299; Hoxsie v. Potter, 16 R. I. 374, 17 Atl. Rep. 129; Merritt v. Swimley, 82 Va. 433, S. C. 3 Am. St. Rep. 115; Green v. Campbell, 35 West Va. 698, 14 S. E. Rep. 212; Sheers v. Stein, 75 Wis. 44, 43 N. W. Rep. 728; Hurd Hab. Corp. 543; 15 Am. & Eng. Ency. Law (2nd ed.) p. 183, n. 3.

In the case of Hernandez v. Thomas, 50 Fla. 522, 39

South. Rep. 641, there were no elements of estoppel; a mere oral promise that in the event of a future contingency the father would transfer the child to the maternal grandmother, which we held to be nugatory.

The judgment is affirmed.

SHACKLEFORD, C. J., TAYLOR and HOCKER, JJ., concur.

WHITFIELD, J., dissents.

PARKHILL, J., dissents.