MRS W. M. HANCOCK, *Plaintiff in Error*, v. EDNA DUPREE, and her husband, C. D. DUPREE, *Defendants in Error*.

En Banc.

Opinion filed August 5, 1930.

618

*G. C. Durrance,* for Plaintiff in Error;

No appearance for Defendant in Error.

DAVIS, Commissioner:

This case is here upon a writ of error to the judgment of the circuit court, Okeechobee County, wherein the circuit judge upon a return of a writ of *habeas corpus* sued out at the instance of the mother of minor children, awarded the care and custody of such children to the mother and her husband.

The transcript reveals the filing in the court of the county judge of a petition by the probation officer of the county of Okeechobee wherein it was represented that the said children (of the age of two years) were dependent children within the meaning of Chapter 6216, Laws of Florida, in that they had been abandoned by their mother; that they had no known father and that they were in the immediate care of one Mrs. Ollie Yates and Edna Thomas. The transcript further shows that upon the return of a citation to Edna Thomas, who was the mother of the chil-

dren, the county judge sitting as judge of the juvenile court, on May 31, 1928, adjudged and decreed that the said children were dependent children within the meaning and intent of the law and committed them into the custody of plaintiff in error, until they shall have attained the age of 21 years. or until regularly discharged therefrom. In the petition for the writ of *habeas corpus* it is alleged that neither the said petition, the citation nor the commitment order were properly filed and recorded; that the order is void; that since the making of the order, the mother married C. D. Dupree and that she is a fit and proper person to have the care and custody of her children.

It is contended here by the plaintiff in error that the statute vested in the county judge jurisdiction of dependent and delinquent children; that the circuit court in such cases has appellate jurisdiction only and that the circuit judge obtains jurisdiction by writ of *habeas corpus* only when minor children are unlawfully restrained of their liberty.

"When any child less than seventeen years of age shall be found to be dependent, within the meaning of this chapter, the county judge may make an order committing the child to the care of some suitable State or county reformatory or institution, which is now or may hereafter be provided or to the care of some suitable citizen of good moral character, or to the care of some suitable private institution or association willing to receive it, and embracing in its object the purpose of caring for or obtaining homes for dependent or neglected children. The judge may hereafter set aside, change or modify such order of commitment, in his discretion. The judge may, when the health or condition of the child requires it, cause the child to be placed in a public hospital or institution for physical

treatment or special care, or in a private hospital or sanitarium which is willing to receive it, for the like purpose, without charge." Section 3702 (2331), Comp. Gen. Laws of Florida, 1927.

Under the above provision of the statute, the jurisdiction of county judges over delinquent and dependent children is not doubted. Hillsborough County v. Savage, 63 Fla. 337, 58 So. R. 835.

It has been said that "the right of parental control is natural but not an unalienable one." It is subject to the paramount right of the State as *parens patriae*. It was not the purpose of the quoted provisions of the statute to punish children by confinement or to deprive them of their liberty, but to provide proper custody for those who are in need of it, because of the death or unfitness of parents. Farnham v. Pierce, 141 Mass. 203, 6 N. E. R. 830, 55 A. R. 452.

The organic law of this State vests power in circuit judges to issue writs of habeas corpus. Sec. 11 of Article V, Constitution of Florida. The statute provides as follows:

"Whenever any person detained in custody whether charged with a criminal offense or not, shall, by himself or by some other person in his behalf apply to * * * any circuit judge, etc." Section 5435 (3571) Compiled General Laws of Florida, 1927.

Under the provisions of our law, it is not unusual for circuit judges to settle contests over the custody of minor children by habeas corpus proceedings. McCann v. Proskauer, 93 Fla. 383, 112 So. R. 621; State v. Bollinger, 88 Fla. 123, 101 So. R. 282; Witt v. Burford, 84 Fla. 207, 93 So. R. 186; Busbee v. Weeks, 80 Fla. 323, 85 So. R. 653; Danson v. Danson, 76 Fla. 449, 80 So. R. 62; Robertson v. Bass, 52 Fla. 420, 42 So. R. 243; Porter v. Porter, 60 Fla.

407, 53 So. R. 546; Ann. Cas. 1912 C, 867; Maddox v. Barr, 49 Fla. 182, 38 So. R. 766.

"Ordinarily the basis of the issuance of the writ of habeas corpus is an illegal detention, but, in the case of the writ sued out for the detention of a child, the law is not so much concerned about the illegality of the detention as the welfare of the child, and in proceedings in habeas corpus for the possession of a minor, the question of physical restraint is given little consideration, where a lawful right is asserted to retain possession of the child. The ascertainment and enforcement of the custody of minor children by the use of the writ of habeas corpus is equitable in its nature, and in such cases the question of personal freedom is not involved, for an infant, from humane and obvious reasons, is presumed to be in the custody of some one until it has attained its majority. The court, when asked to restore an infant, is not bound by any mere legal right of parent or guardian, but is to give it due weight as a claim founded on human nature, and generally equitable and just. The court is in no case bound to deliver a child into the custody of any claimant, but should, in the exercise of a sound judicial discretion, after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require." Ex parte Bellmore, 189 Wis. 431, 207 N. W. R. 699. See also 12 R. C. L. 1214-16; Barlow v. Barlow, 141 Ga. 535, 81 So. E. R. 433, 52 L. R. A. (N. S.) 683.

In 12 R. C. L. 1216, it is said:

"A child committed to an institution because of the unfitness of its parents to care for it may be restored to the parents on habeas corpus on showing the removal

of the cause for commitment and the parents' competency and fitness.''

This principle was promulgated in Farnham v. Pierce, *supra,* where it was held that:

  ''The father is not bound by the adjudication (under the Mass. Statute), and his rights are not affected by it, except incidentally and to a limited extent necessary for the good of the child.''

We believe that the law as laid down by the above authorities should be applied to the facts of this case and therefore hold that the circuit judge had jurisdiction to issue the writ and make the order complained of.

Plaintiff in error also contends that the evidence presented at the hearing was insufficient to overcome the force of the commitment. The judgment of the lower court is presumed to be correct and the burden was on the plaintiff in error to show error affirmatively on the record. We cannot say that she has sustained this burden.

The judgment of the lower court is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.