*Ex Parte*: INGA S. HANSEN, an insane person.

162 So. 715.
Opinion Filed July 1, 1935.

334

*Lloyd T. Everett,* for Plaintiff in Error;
*W. Theo. Woodward,* for Defendant in Error;
*John D. Broome,* as *Amicus Curiae.*

DAVIS, J.—Pursuant to a writ of habeas corpus issued by the Supreme Court but made returnable to the Circuit

Court (Section 5, Art. V., Const. Fla.), the Circuit Court, upon return to the writ held that the person alleged to be illegally detained was held under a valid commitment of the County Judge, and that inasmuch as the County Judge had full and complete jurisdiction over the body of said person alleged to be illegally restrained under an order of the County Judge, that it was the duty of the Circuit Court to remand said person to custody of the County Judge's duly authorized and legally appointed guardian, without further inquiring into the nature and cause of the detention complained of, other than to examine the County Judge's proceedings to determine whether they were legally sufficient on their face to warrant the further holding of the person for whose release the writ of habeas corpus had been sought.

So holding, the Circuit Judge entered the following final judgment which has been brought to this Court for review on writ of error allowed thereto pursuant to law:

"This cause came on to be heard upon the Writ issued by the Honorable Supreme Court of the State of Florida, Friday, July 20th, 1934, returnable before the Judge of the Seventh Judicial Circuit, and the Return of Conrad A. Hansen thereto. The matter was argued before the undersigned as Judge of said Circuit *pro hac vice*. To the Return is attached a copy of letters of guardianship, issued by the County Judge of Volusia County on February 21st, 1934, appointing the said Conrad A. Hansen guardian with power 'to have the cure, custody and control of said insane person,' and with the right to take possession, for the benefit of said insane person of all her goods, chattels, credit and estate. There is also appended an order by the County Judge, dated February 7th, 1934, adjudging Inga S. Hansen, insane. At the hearing the attorney representing Inga S. Hansen, who petitioned for the writ of habeas corpus, at-

tempted to present testimony that for the welfare of said Inga S. Hansen another custodian or guardian should be appointed, and in support of his position cited the case of Hancock v. Dupree (100 Fla. 617, 129 Sou. Rep. 822). The Court is unable to see the analogy of the two cases. The decided one involves the custody of minor children who had been declared delinquent, and the lower court held that on Writ of Habeas Corpus an order could be made in a case of minor children, awarding the custody to the true parents where their circumstances had so changed, after having been declared delinquent, that the said parents appeared fit, proper and capable of resuming their control of the children. Incidentally, the case of Hancock v. Dupree, was decided by the undersigned as Judge of the Twenty-first Judicial Circuit. In the instant case, guardian has been appointed of the *person* and *estate* of an insane person and has duly qualified as such guardian. No attack is made here upon the procedure culminating in the appointment of a guardian. If the circumstances are such that another guardian should be appointed because of personal difficulties between the guardian and the ward, this may be had by filing a motion with the County Judge or presenting the matter to a Court of Chancery. It seems impracticable that on a writ of habeas corpus this Court adjust the custody of the person, leaving the guardian for the estate unchanged.

"It Is THEREFORE, ORDERED that the Petition be dismissed and that the Writ be discharged and the said petitioner be remanded to the custody of the duly appointed guardian, at the cost of the petitioner, to all of which Petitioner excepts.

"DONE AND ORDERED at DeLand, this 25th day of July, A. D. 1934.

ELWYN THOMAS,
*"Judge of the Seventh Judicial Circuit,*
*Volusia County, Florida, pro hac vice."*

It has recently been decided by this Court that inasmuch as each of the Circuit Courts of the State is given supervisory power over the acts, proceedings and doings of County Judges with relation to guardianship matters committed to the jurisdiction of the latter as provided by the Constitution and laws of this State (Section 11, Article V, Fla. Const.) that the exercise of such supervisory power of the Circuit Court may be invoked by an appropriate suit in equity, or by any other applicable writ or process adequate to bring the whole controversy at issue before the Circuit Court for final decision, whether directly appellate in form or not. Pitts v. Pitts, 120 Fla. 363, 162 Sou. Rep. 708; Grant v. Amiker, 120 Fla. 356, 162 Sou. Rep. 712; see also Firman v. Sanborn, 119 Fla. 396, 161 Sou. Rep. 555.

Insane persons are wards of the State (State *ex rel.* Deeb v. Fabisinski, 111 Fla. 454, 152 Sou. Rep. 207) and the State is under a special duty to protect them and their property as a class incapable of protecting themselves. A proceeding to invoke the supervisory power of the Circuit Court with respect to the proper, as well as lawful, guardianship of an insane person is therefore properly instituted by means of a civil writ of habeas corpus, since the guardianship inquiry proceeding is necessarily an *ex parte* one *in rem*. So the writ of *habeas corpus* when issued and a return made thereon is an adequate and appropriate process upon which the Judge of the Circuit Court can, and should, when properly asked to do so by an appropriate application before the Court, inquire into the propriety, as well as legality, of continuing an existing guardianship of an alleged insane person, even though his estate and person have been undertaken to be dealt with by a guardianship order of a County Judge properly made and entered in the first instance.

In a civil habeas corpus proceeding involving an inquiry into the detention, custody and guardianship of the person and estate of an insane person, the issuing court should not be so much concerned about the ostensible legality of the existing detention, where that is not made the sole issue, as it should be about the welfare of the alleged incompetent if continued under the guardianship as existing at the time return to the writ of habeas corpus is made.

We think that under the principle of law decided in earlier cases, that the writ of habeas corpus was properly employed in the present case to inquire into the propriety of continuing the existing guardianship over the person and estate of Mrs. Inga S. Hansen, who had been adjudged insane and put under guardianship by the County · Judge, and that the Circuit Court was in error in refusing to enlarge the inquiry in the case to an extent sufficient to enable the applicant for the writ of habeas corpus to present competent evidence in the case designed to show the Circuit Court that, for the welfare of the insane ward, another guardianship should be ordered in order to adequately conserve the property and personal rights of such ward against adverse influences or manipulations to her prejudice. See: Porter v. Porter, 60 Fla. 407, 53 Sou. Rep. 546; Ann. Cas. 1912C 867; Hancock v. Dupree, 100 Fla. 617, 129 Sou. Rep. 822; State, *ex rel.* Weever, v. Hamans, 118 Fla. 230, 159 Sou. Rep. 31.

In cases like this, the writ of habeas corpus operates to bring before the Circuit Court, not only the person of the alleged insane person, but the attendant record of his statutory guardianship, as evidenced by the guardianship proceedings of the County Judge relied on by the respondent and set up in his return as a sufficient ground for his detention of the alleged incompetent. This is so, because

every guardianship proceeding is one *in rem*. And being a proceeding *in rem* affecting personal custody, it is likewise deemed in law attached to the personal status of the alleged insane ward and must be considered as accompanying his custody wherever it may happen to be vested.

Hence when a Circuit Court through its writ of habeas corpus, judicially takes custody of a person under guardianship unto itself, the *in rem* guardianship proceedings attendant upon the ward's person are then essentially also brought within the scope of the Circuit Court's disposing order in the premises, and upon an appropriate inquiry duly had pertaining to the status of the person under guardianship, an authorized judgment may be entered by the Circuit Court fixing what shall be the alleged incompetent's guardianship status for the future after the habeas corpus writ is discharged.

In the Scudamore case, 55 Fla. 211, 46 Sou. Rep. 279, this Court dealt with an attempt to challenge by habeas corpus an adjudication of insanity which was subject to a direct inquiry in statutory equity proceedings authorized to be brought under Sections 5036-5039 C. G. L., 3230-3233 R. G. S. That decision is not in point here because in this case, the object of the writ is not to have Mrs. Hansen re-examined and declared sane, but it is to inquire into the propriety of her existing guardianship, admitting as a premise for it that she is an insane ward of the State whose welfare is within the supervisory control of the Circuit Court, notwithstanding what the County Judge may have done or decided about the matter prior to the institution of this habeas corpus proceeding as a means of involving the exercise of the supervisory powers of the Circuit Court in the premises.

The judgment is reversed for further proceedings consonant with this opinion.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.