ROBERTS, Justice.
This is a habeas corpus case, in which the appellee is attempting to obtain the custody of her illegitimate child, Orville Junior Moseley, aged twelve, now in the custody of the appellants, Mr. and Mrs. Arnd’t. The appellee alleged in her petition that she is the natural mother of the child and that the appellants are unlawfully restraining him from returning to her.
From the allegations of the Arnd’ts’ answer to the writ, it appears that Orville Junior is the son of Mrs. Arnd’t’s brother, Orville Moseley; that, at appellee’s request, Moseley took custody of the child when he was about six years of age and at that time placed him in the care of Mr. and Mrs. Arnd’t. They have had full charge of and responsibility for the child ever since, without any objection by the ap-pellee until shortly before the filing of the instant petition. Allegations which cast some doubt upon the fitness of the appel-lee to have custody of Orville Junior were made, and it was also stated that Orville ■ Junior wanted to stay with Mr. and Mrs. Arnd’t and did not want to return to his *819 mother. As noted, Orville Junior is now twelve years old.
At the hearing on the writ and the answer thereto, the trial judge refused to hear any evidence on the question of the welfare of the child or his desires in the matter, it being his view that since Mr. and Mrs. Arnd’t’s answer had shown no legal right to the custody of the child and since the appellee, as his natural mother, had a clear legal right to his custody, he had no alternative but to remand the child to the custody of his mother. He did so, and Mr. and Mrs. Arnd’t have appealed.
 We think the learned trial judge overlooked the holding of this court in Maddox v. Barr, 49 Fla. 182, 38 So. 766, that in a habeas corpus proceeding involving the custody of a child “the law is not so much concerned about the illegality of the detention as the welfare of the child * * It was further said as to such proceedings that
“The court, when asked to restore an infant, is not bound by any mere legal right of parent or guardian, but is to give it due weight as a claim founded on human nature, and generally equitable and just. The court is in no case bound to deliver a child into the custody of any claimant, but should, in the exercise of a sound judicial discretion, after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require.”
This rule has been followed in other cases involving the claim of a parent or legal custodian to the custody of a child as against the claims of third persons. See State ex rel. Weaver v. Hamans, 1935, 118 Fla. 230, 159 So. 31; State ex rel. Hicks v. Cain, 1948, 160 Fla. 680, 36 So.2d 275; Fielding v. Highsmith, 1943, 152 Fla. 837, 13 So.2d 208.
Accordingly, the order remanding the child to the custody of the appellee must be reversed under the authority of the above cited cases, and the cause is remanded for further proceedings.
Reversed and remanded.
TERRELL, C. J., and THOMAS and’ THORNAL, JJ., concur.