CROSS, Chief Judge
(dissenting) :
I must respectfully dissent.
The blunderbuss fashion in which the majority couches “its artillery of words,” together with the morass of cases it cites as authority and the obscurity of their application to the question at hand makes me think that this case will become the parent stock from which a motley progeny will spring.
One could not on the record presented to this court without the medium of being clairvoyant obtain that result reached by the majority. The record reveals the simplicity of the factual situation. William L. Hall and his wife, Mary A. Hall, are appealing from an order quashing a writ of habeas corpus and remanding the custody of two minor children to the respondent, the Florida State Department of Public Welfare. In the petition for writ of habeas corpus it is asserted that Lester Leverne Hall, age 2 years, and Lovenia Lynn Hall, age 5 years, are minor children of the petitioners; that the said children are being unlawfully held and detained by the respondent, Florida State Department of Public Welfare; and that they were committed thereto by the Juvenile Court of Orange County as dependent children for subsequent adoption. The petition further alleges that the commitment was not in the best interest and welfare of the children, that the said minor children were committed without the opportunity of having had benefit of counsel. The petition questions the constitutionality of the proceedings under F. S.A. 39, on the basis of not affording the petitioners an opportunity as parties to assert their rights as parents of the infants.
The respondents by return to the writ answered denying the allegations of the petition, except admitting custody pursuant to an order of the juvenile court, which was attached to the return.
At the hearing on the writ and return, the trial judge was of the opinion that the mere fact that the children had been placed in the custody of the Florida State Department of Public Welfare was sufficient for custody to remain with the respondent. He declined and refused to hear any evidence on the question of the welfare of the children or other matters set forth in the petition. The trial court quashed the writ and remanded custody of the two children to the respondent.
The Supreme Court of Florida has long ago determined that when a child is committed to an institution because of the unfitness of its parents to care for it that its custody may be restored to the parents on habeas corpus upon the showing of a removal of the cause which gave rise to the commitment and the parents’ competency and fitness. Hancock v. Dupree, 1930, 100 Fla. 617, 129 So. 822. The Supreme Court *43 determined in Hancock v. Dupree that although ordinarily the basis of the issuance of a writ of habeas corpus is an illegal detention, in the case where the writ is sued out for the detention of a child the law is not so much concerned about the illegality of the detention as it is concerned about the welfare of the child. The ascertainment and enforcement of the custody of minor children by the use of the writ of habeas corpus is equitable in its nature, and in such cases the question of personal freedom is not involved, for an infant from humane and obvious reasons is presumed to be in the custody of someone until it has obtained its majority. The court, when asked to restore an infant, is not bound by any mere legal right of parent or guardian but is to give it due weight as a claim founded on human nature and generally equitable and just. The court is in no case bound to deliver a child into the custody of any claimant, but should in the exercise of sound judicial discretion after a careful consideration of the facts leave it in such custody as the welfare of the child at the time appears to require.
This view has been adhered to in the following cases: Arnd’t v. Prose, Fla.1957, 94 So.2d 818; State ex rel. Hicks v. Cain, 1948, 160 Fla. 680, 36 So.2d 275; Fielding v. Highsmith, 1943, 152 Fla. 837, 13 So.2d 208; State ex rel. Weaver v. Hamans, 1935, 118 Fla. 230, 159 So. 31; Maddox v. Barr, 1905, 49 Fla. 182, 38 So. 766.
In the instant case, the trial judge saw fit to refuse to hear any evidence or consider any facts on the question of the welfare of the children. Such in my opinion is a gross abuse of discretion, which error is now compounded by the opinion of the majority affirming the lower court.
Accordingly, I would reverse the order quashing the writ of habeas corpus, and remand the cause to the lower court with directions to take testimony and make a judicial determination as to the best interest and welfare of the children.