PER CURIAM.
The appellant Kathryn Patricia Anderson and the appellee Norman Scott Anderson are husband and wife. The appellant Flora Mae Nardi is the mother of the appellant Kathryn Anderson. Reference herein to the appellant will be to Kathryn Anderson. The two children of the marriage, aged eighteen months and four years, are in the custody of their mother, the appellant, who now resides in Dade County. Previously the parties resided in Germany, where the husband was stationed *723 while a member of the armed forces of the United States.
A divorce suit involving the parties is pending in Germany, in which an order was entered awarding temporary custody to the husband. Based on that order he filed a petition for writ of habeas corpus in the circuit court of Dade County, seeking custody. A writ was issued, and upon hearing thereon the trial court entered the order from which the wife took this appeal. Therein the trial court awarded temporary custody of the children to the father, with permission to him to remove them from the State of Florida, to his parents’ home in Ohio, to abide a final determination as to their custody when made by the German court in the divorce suit there, “or other court of competent jurisdiction.” On application of the mother we granted a stay pending this appeal, of the provision of the order which would have permitted immediate removal of the children from this jurisdiction, and pursuant to Rule 4.5(g) (2) FAR, 32 F.S.A., expedited the appeal and provided for its disposition without further arguments. In a habeas corpus proceeding involving the custody of a child “the law is not so much concerned about the legality of the detention as the welfare of the child.” Maddox v. Barr, 49 Fla. 182, 38 So. 766. “The court is in no case bound to deliver a child into the custody of any claimant, but should, in the exercise of a sound judicial discretion, after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require.” Hancock v. Dupree, 100 Fla. 617, 129 So. 822, 823.
In authorizing the father to take the children from the mother’s custody and remove them from this state, on the strength of an order granting him temporary custody made by a court of a foreign country, to await and abide by a decision as to their custody when made by that foreign court “or other court of competent jurisdiction,” the trial court here made an order which was contrary to prior Florida decisions interdicting such action. Di Gior-gio v. Di Giorgio, 153 Fla. 24, 13 So.2d 596; Tom v. State ex rel. Tom, Fla.App.1963, 153 So.2d 334; Morris v. Kridel, Fla.App. 1965, 179 So.2d 130; Fox v. Fox, Fla.App. 1965, 179 So.2d 103.
Those decisions hold that notwithstanding the fact that a claimant for custody may be armed with an order for custody (temporary in this case) made by a court of another jurisdiction, the Florida court in which custody is sought in habeas corpus, having jurisdiction of the parties and of the child or children, need not honor such foreign custody order other than to attach such weight thereto as it may deserve based on the predicate for its entry, and in such case the Florida court should not relegate to another jurisdiction the determination of custody but is under obligation to decide the question of custody on the merits, as between the contending parties, leaving or placing the custody where the best interests of the child or children require.
Accordingly, the order appealed from is reversed, and the cause is remanded to the circuit court with direction to determine the question of custody of the children on the merits. In the absence of a showing that the welfare of the children requires that they be removed from the care of their mother pending the hearing, the children should be permitted to continue in her custody pendente lite, and the trial court should make such order or orders as may be necessary to assure the retention of the children within this jurisdiction until the question of their custody is determined.
It is so ordered.