242 So.2d 138 (1970)
Elizabeth Alford POWELL, Appellant,
v.
Theodore R. POWELL, Jr., Appellee.
No. N-513.
District Court of Appeal of Florida, First District.
December 3, 1970.
Rehearing Denied January 11, 1971.
Campbell & Rice, Crestview, for appellant.
Gillis E. Powell, Crestview, for appellee.
JOHNSON, Chief Judge.
This is an appeal from a final judgment in a habeas corpus proceeding remanding custody of the minor child to the husband-appellee, pursuant to a temporary order of a Louisiana court which the trial court found was entitled to full faith and credit.
The only issue presented on appeal is whether a temporary custody order of a foreign jurisdiction is entitled to full faith and credit when the minor child is physically outside the foreign jurisdiction during the pendency of the proceeding in which the order was entered.
*139 The litigation between the parties originated in Louisiana on May 6, 1970 when appellant filed her petition for separation from bed and board in the Family Court, Parish of East Baton Rouge, Louisiana. A few days prior to the filing of this complaint, appellee and appellant's father brought the minor child of the parties to Okaloosa County, Florida, where the child has remained since that time. Pursuant to appellant's petition, the Louisiana court granted appellant the temporary custody and control of the minor child until further hearing. Following further hearings on three separate days, the Louisiana court entered a judgment on rules nisi on June 11, 1970 awarding temporary legal custody of the child to appellee.
On June 15, 1970, appellee filed the present petition for a writ of habeas corpus in the Circuit Court in and for Okaloosa County. On June 25th, the trial judge ruled that the custody of the minor child be remanded to appellee and that the judgment or order entered by the Louisiana court was entitled to full faith and credit. Appellant's notice of appeal was filed on July 1, 1970. Subsequently, on July 14, 1970, the Louisiana court entered a final judgment awarding the permanent custody of the minor child to appellee.
We now turn to the question of whether the Louisiana judgment is entitled to unquestioned enforcement in Florida under the well-recognized full faith and credit clause of the Federal Constitution. Even had the final judgment of the Louisiana court been rendered before, rather than after, the trial court's judgment on the petition for writ of habeas corpus, it is settled in Florida that judgments affecting the custody of minors are not entitled to recognition under the full faith and credit clause because they do not possess the requisite degree of finality. As stated by this Court in Rhoades v. Bohn, 114 So.2d 493, 499 (Fla.App. 1st, 1959), cert. den. 121 So.2d 777 (Fla. 1960) and cases cited therein:
"* * * It possesses none of the attributes of finality so essential to entitle it to recognition and enforcement under the full faith and credit doctrine. It is uniformly recognized that orders, judgments or decrees affecting custody of minors, are subject to modification at any time as the welfare of the ward may require. For this reason, it is settled in this jurisdiction that decrees affecting the custody of minors are not entitled to recognition under the full faith and credit clause of the United States * *." (Citations omitted.)
Although the Louisiana judgment does not require enforcement in Florida under the full faith and credit clause, it is entitled to great weight and respect under the doctrine of comity absent a showing by clear and convincing evidence that such new conditions have arisen since rendition of the decree as would justify a change in custody. In re Vermeulen's Petition, 114 So.2d 192 (Fla.App. 1st, 1959). Application of the doctrine of comity is a matter of discretion with the trial judge and depends for its consideration upon the foreign court having had jurisdiction and having properly litigated the matter before it. Mirras v. Mirras, 202 So.2d 887 (Fla. App. 2nd, 1967).
It is apparent in the present case that the Louisiana court had jurisdiction over the subject matter and the parties and properly litigated the question of custody by receiving evidence on three separate days of hearings. While the basic law of Florida is clear that the child must be physically present within the territorial limits of the state in the initial proceeding in order to confer jurisdiction over the child, DiGiorgio v. DiGiorgio, 153 Fla. 24, 13 So.2d 596 (1943), the law in Louisiana is clear that the domicile, rather than the residence, of the child is the criteria for determining jurisdiction, and minor children have no domicile other than that of the parents. Blackburn v. Blackburn, 168 So.2d 898 (La. App. 1964).
*140 On the state of the record before him, the trial judge cannot be held in error for remanding custody of the child to the appellee in accordance with the Louisiana temporary order. The petition for the writ of habeas corpus was filed only four days after the Louisiana judgment and it is obvious that there could not have been any appreciable change in the circumstances pertaining to the welfare of the child. However, it affirmatively appears from the foregoing that the reason assigned by the trial judge as a basis for his action, i.e., that the Louisiana judgment was entitled to full faith and credit, was erroneous. This cause is accordingly remanded with directions that the judgment of the trial court be reconsidered in light of the doctrine of comity and other applicable principles of law herein expressed, and for entry of a new final judgment setting forth the correct reasons therefor and eliminating the assigned reason of full faith and credit.
Affirmed in result, but remanded for corrective final judgment.
WIGGINTON and SPECTOR, JJ., concur.