254 So.2d 813 (1971)
Oiga SCARPETTA, Appellant,
v.
Nick F. DeMARTINO and Jean DeMartino, Appellees.
No. 71-745.
District Court of Appeal of Florida, Third District.
September 28, 1971.
Rehearing Denied November 30, 1971.
*814 Rosenblatt & Roemer, P.A., Horton & Schwartz, Miami, Zalk, Rubel & Perret, New York City, for appellant.
Colson & Hicks, P.A., Podhurst, Orseck & Parks, P.A., Miami, and Jacob Fuchsberg, New York City, for appellees.
Before SWANN, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
Olga Scarpetta filed a petition for writ of habeas corpus against Nick F. and Jean DeMartino alleging they had illegal custody of her minor child, Lenore, and she prayed for custody of Lenore. Appropriate pleadings were filed and a hearing held. The parties appeared, testimony was taken, and the petition was thereafter denied. She has appealed.
This appears to be one of those tragic situations in which one of two innocent parties must suffer. We do not attempt to assess fault or blame to either party.
We have carefully reviewed the record and briefs prepared by able counsel. The parties agree that a child custody order of a sister state is not entitled to full faith and credit but may be given great weight under the doctrine of comity. See New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); Powell v. Powell, Fla.App. 1971, 242 So.2d 138; Mirras v. Mirras, Fla.App. 1967, 202 So.2d 887; Fox v. Fox, Fla.App. 1965, 179 So.2d 103; State ex rel. Fox v. Webster, Fla.App. 1963, 151 So.2d 14; Avery v. Heermance, Fla.App. 1962, 138 So.2d 775; Foster v. Sharpe, Fla.App. 1959, 114 So.2d 373; Bachman v. Mejias, 1 N.Y.2d 575, 154 N.Y.S.2d 903, 136 N.E.2d 866 (1956); Annot., 35 A.L.R.3d 520, 561; and Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Mich.L.Review, 345, 352 (1953).
We have and do give great weight and respect to the orders of sister states but we conclude, under the circumstances of this case, that the trial judge followed proper procedure and law in ruling that the best interests and welfare of Lenore were served by leaving her custody with the appellees. There is sufficient, competent and substantial evidence in the record on appeal to affirm his ruling. See Arnd't v. Prose, Fla. 1957, 94 So.2d 818; Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208 (1943); State ex rel. Weaver v. Hamans, 118 Fla. 230, 159 So. 31 (1935); Hancock v. Dupree, 100 Fla. 617, 129 So. 822 (1930); Witt v. Burford, 84 Fla. 201, 93 So. 186 (1922); McKinney v. Weeks, Fla.App. 1961, 130 So.2d 310; and 15 Fla.Jur. Habeas Corpus § 62.
The order appealed herein is, therefore,
Affirmed.

ON REHEARING DENIED
Appellant has filed a vigorous and well reasoned petition for rehearing.
We point out that the change in circumstances and passage of time giving rise to the relationship between the baby, Lenore, and the DeMartinos occurred in great part because of appellant's consent, through her New York attorneys, that the custody of Lenore remain with the DeMartinos during the pendency of certain New York legal proceedings.
The petition for rehearing, having been considered, is denied. See Robertson v. Bass, Fla. 1906, 52 Fla. 420, 42 So. 243; and Crane v. Hayes, Fla. 1971, 253 So.2d 435.