284 So.2d 701 (1973)
Ola Mae BRANNAN, Appellant,
v.
Thomas Lee BRANNAN, Appellant, and Merle
Brannan, Intervenor-Appellee.
No. R-488.
District Court of Appeal of Florida, First District.
November 8, 1973.
*702 Robert B. Kane, Tallahassee, for appellants.
William C. Owen, of Carswell, McKenzie, Dean & Owen, Tallahassee, for appellee.
PER CURIAM.
Appellant, who was petitioner in the trial court, seeks review of a post-judgment order modifying the custody provisions of a final decree of divorce which withdrew from appellant the right of continued custody of her minor son and granting custody of the child to appellee-intervenor, Merle Brannan, the child's paternal grandmother.
Appellant-mother and appellee-father were the parents of three minor children at the time a final judgment of divorce was rendered on November 13, 1964, dissolving the bonds of matrimony existing between them. Custody of the youngest son, Thomas Lawrence, then four months of age, was awarded to appellant-mother, and custody of the two older children was awarded to appellee-father. Within four months after the date of the divorce appellant-mother requested appellee-father to accept physical possession of her youngest child, Thomas, as she was unable under then existing circumstances to continue in her employment and at the same time maintain a home for the child. At that time appellee-father, together with the two older children, was living with his mother, appellee-intervenor. In the seven years ensuing the youngest son, Thomas, has remained in the home with his grandmother, Merle Brannan, who has cared for his every need. Appellee-father remarried and moved into his own home, taking with him his two older children and leaving the youngest son, Thomas, with the grandmother. In 1971, when Thomas was approximately seven years old, appellee-grandmother petitioned the court for his adoption. Both appellant-mother and appellee-father had executed consents for the adoption of Thomas by his grandmother, but appellant later was successful in having her consent to the adoption set aside on the grounds of coercion. Shortly after the institution of the adoption proceedings by the grandmother, appellant filed her petition in this cause seeking an order modifying the custody provisions of the final decree of divorce and praying that custody of all three children born of the marriage between appellant and appellee-father be granted to her. *703 Appellant's petition for modification was consolidated for the purpose of hearing with the grandmother's petition to adopt Thomas as her child. Upon a final consideration of this cause, the trial court entered its judgment denying appellant's petition for custody of all three minor children born of this marriage; denying appellee-grandmother's petition for adoption of Thomas; and awarding Thomas' custody to the grandmother with the requirement that appellant-mother and appellee-father each pay to the grandmother the weekly sum of $8.00 for the care, support and maintenance of Thomas while in the custody of his grandmother. It is the correctness of this order which appellant challenges on this appeal.
It is appellant's position that the trial court abused its discretion and committed reversible error when he withdrew from her the custody of her minor son and awarded such custody to appellee-grandmother. Appellant points to the absence in the record of any competent or substantial evidence showing her to be an unfit person or incapable of adequately caring for her child and providing for his maintenance and support. Under the circumstances appellant asserts that her right to the custody of her child is paramount to that of the grandmother who occupies the position of a stranger to the filial relationship and whose rights, if any, are subordinate to that of the parent.
In the final order reviewed herein the trial court found that the child in question had been voluntarily placed by the mother with his grandmother when it was only five months of age and has remained in the grandmother's custody since that time; that the relationship between the child and his grandmother is that of mother and son rather than grandmother and grandson; that he is well cared for in a stable home situation with the grandmother's other two minor children whom he regards as brother and sister; that he is in close contact with his natural father and his natural brother and sister who have remained in the father's custody and care. The court further found that were Thomas to be returned to appellant-mother, he would not live in a stable home situation because she is unmarried, working, and dating other men, having been presently divorced from her third marriage, and has failed to demonstrate stability in her past life-style. The court expressed the conclusion that it would not be in the best interest either of the older children whose custody is awarded to their father or to the youngest son, Thomas, to upset their present home situations, uproot them at this late date and place them in the custody of their mother as prayed for in her petition. Our review of the record reveals that there is competent evidence to support the trial court's findings and conclusions as expressed in the judgment appealed.
It is the established law of this state that the parental right of a mother or father to the custody of their child is paramount to the rights of any others and is entitled to the protection of the law and the courts. It is equally well settled, however, that such right of parental custody is not absolute but is subject to the right of the State to control the custody of the child in a manner which will serve its welfare and best interest.[1] Custody of children have therefore been awarded both to a grandparent,[2] and to a stepparent,[3] when the best interest and welfare of the child were found to be served by such award even though the natural parents seeking custody of their child were not shown to be blatantly unfit.
The necessity for separating a parent from its child is one of the most agonizing *704 tasks with which courts are all too frequently confronted. The judicial conscience is not insensible to the genuine compulsion which most parents normally have to bestow upon their flesh and blood all the care, love, and affection which they possess. Unfortunately, this alone is not enough to prevent a deprivation of custody if the welfare and best interest of the child clearly requires it. Parental rights must of necessity be subordinated to the right of the child to a condition of life which will permit the maximum development of its physical, mental, and spiritual being. To this end the law is dedicated, and from which it must not deviate.
Appellant having failed to clearly demonstrate error, the order appealed is affirmed.
RAWLS, C.J. and WIGGINTON and SPECTOR, JJ., concur.
NOTES
[1] Hancock v. Dupree, 100 Fla. 617, 129 So. 822; State ex rel. Sparks v. Reeves (Fla. 1957), 97 So.2d 18.
[2] Cone v. Cone (Fla. 1953), 62 So.2d 907.
[3] Heffernan v. Goldman (Fla.App. 1971), 256 So.2d 522.