QUESTIONS:
1. What is the legal status of a child born to a legally incompetent parent in a state institution such as a state hospital or Sunland facility?
2. Does the administrator of such a state facility have the authority or responsibility to place such a patient's child with the Department of Health and Rehabilitative Services' Division of Family Services for foster home placement?
3. What court has original jurisdiction to consider a petition regarding the dependency of such child: The court in the county where the parent is domiciled and committed or the county wherein the child has been placed?
SUMMARY:
The legal status of a child born to a legally incompetent parent in a state institution or hospital facility such as the state hospital or a Sunland facility is the same as that of any other child and the administrator of such facility has no authority to arrange for the custody of such a child or to place such child with the Division of Family Services of the Department of Health and Rehabilitative Services for foster home placement.
Pursuant to s. 409.145(2), F.S., no child shall be taken away from its parents except after a judicial hearing or proceeding before the circuit court exercising juvenile jurisdiction in and for the county in which the child is found, and such proceedings may be initiated, pursuant to s. 39.04(1), F.S., upon the filing of a complaint by an affected agency of the state alleging the dependency of such a child and sufficient facts to establish the jurisdiction of such court and an adjudication of dependency within the purview of the juvenile court law.
Since your questions are interrelated, they will not be considered separately except in summary.
Generally, regardless of the manner of their birth, infants are bound by the law of the land to the same degree as an adult. The object of the disabilities of nonage extended to a child by law is to protect the child from harm resulting from various improvident acts. The status of an infant is not superior to that of an adult, but it is of greater concern to the courts. It therefore is imperative that any person dealing with an infant must take notice of a child's privileges as well as his disabilities, regardless of whether it has been born to a competent or incompetent parent at a state hospital facility or any other location within the state.See 43 C.J.S. Infants s. 19.
A mother and father are jointly the natural guardians of their children. Should a parent die, this guardianship right or trust passes to the surviving parent, or in the case of divorce to the parent having been awarded custody of the child by the court. In the case of an illegitimate child, it is the mother who is the natural guardian of such child. See s. 744.13(1), F.S.
Beyond the immediate parent-child relationship, when the question of custody or guardianship is considered because of the child's minority, members of the child's immediate family, or other relatives, in the absence or incapacity of a parent to assume responsibility of such a child may assume responsibility for or custody of such a child. Cf. In re DeHart, 114 So.2d 13, 14 (2 D.C.A. Fla., 1959), which recognized a grandfather as nearest of kin sui juris to be considered guardian of a minor child of a committed mentally incompetent mother; Bourn v. Hinsey,183 So. 614 (Fla. 1938), custody to paternal aunt — mother in TB sanitarium; Foster v. Sharpe, 114 So.2d 373 (3 D.C.A. Fla., 1959), parental right superior to paternal aunt over wishes of the child.
Therefore, though the courts recognize that parents have a natural, God-given, legal right to enjoy the custody of their children, it does not mean that under all circumstances a parent will be awarded custody of his or her child. Custody may be awarded to a qualified relative or a third person outside the family. In the final analysis it is the ultimate welfare or the best interest of the child which is the controlling factor to any determination of child custody (Cf. State v. Reeves, 97 So.2d 18
[Fla. 1957]; Johnson v. Johnson, 114 So.2d 338 [1 D.C.A. Fla., 1959]); and an administrator of a state hospital does not have authority to make such a determination.
An inmate or patient in a state institution or hospital should have a designated guardian or a personal representative designated to receive notices of proceedings involving the mentally ill patient in order to take actions for and in behalf of such a patient. See s. 394.455(19) and (20), F.S. If not, ss.394.459(12)(b) and 394.463(2)(c), F.S., provide that personal representatives shall be designated in their descending order of priority from the following: The patient's spouse; an adult child; parent; adult next of kin; adult friend; or the Division of Family Services.
The administrator of a state institution or hospital facility (receiving or treatment facility) is the chief administrator of the facility to which he has been assigned or so employed. His authority in such a capacity is governed by the statute which created the position or other statutes which may refer to or otherwise vest responsibilities in that particular person. In the instant case the administrator's authority and responsibilities are directed solely toward the welfare of the admitted inmate or patient and no mention is made of any such authority or responsibility over a child born to a woman who is an inmate of a state institution such as a state hospital or Sunland facility. Accordingly, an administrator may only proceed or act in the manner prescribed in the grant of authority for his position, and any other actions are performed outside the scope of such authority. Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); Cram v. Florida Industrial Commission, 150 So.2d 501 (3 D.C.A. Fla., 1963).
When committed, the incompetent or mentally ill are considered wards of the state to the extent that such commitment places upon the state responsibilities for the legal custody of the committed inmates or patients for whom the administrator of the facility in effect becomes guardian "over the person" of such an admitted patient. Cf. State ex rel. Deeb v. Fabisinski, 152 So. 207 (Fla. 1933); Ex parte Hansen, 162 So. 715 (Fla. 1935); AGO 062-30.
The authority of guardianship "over the person" admitted to a state institution or hospital facility does not necessarily extend to the child born to an inmate or patient while committed to such a facility. The mother's commitment, voluntary or involuntary, isbased upon her need of particular treatment in view of the factthat she is unable to care for herself. See In re Pickles' Petition, 170 So.2d 603, 613 (1 D.C.A. Fla., 1965); Campbell v. Stoner, 249 So.2d 474, 476 (3 D.C.A. Fla., 1971); In re DeHart,supra.
Initially, it must be assumed that the patient-mother in a state institution or hospital facility is unable to care for her newborn child and generally the administrator of such a facility as guardian of the patient-mother lacks the authority per se to provide for her newborn. In regard to the newborn's immediate welfare, its status appears to be within the category of a "dependent child" as defined by s. 39.01(10), F.S.
The circuit court has exclusive original jurisdiction of dependent children domiciled, living, or found within the county for which the court is established. The circuit court of the county in which the child is found shall assume jurisdiction of the child, which jurisdiction shall be exclusive unless the judge thereof, upon the approval of the judge of the circuit court of the county in which is located the domicile or usual residence of the child, shall transfer the case and child to the latter court before or after hearing, in which event the latter court shall thereafter exercise exclusive jurisdiction. Section 39.02(1)(a), F.S.
Any complaint that a child is dependent shall be made to an intake office of the Department of Health and Rehabilitative Services operating in the county in which the child is found or the case arose, and any person or agency having knowledge of the facts of dependency may make such a complaint furnishing such facts as are sufficient to establish the jurisdiction of the court and support a finding by the court that the child is dependent. See s. 39.04(1), F.S.
Though the circuit court exercising juvenile jurisdiction shall cooperate with the Department of Health and Rehabilitative Services, Division of Family Services, in regard to the care of children, s. 409.145(2), F.S., states in part that "no child shall be taken away from its parents . . . except after a judicial hearing or proceeding before a court of competent jurisdiction . . . ." (Emphasis supplied.)
It therefore appears that, by reason of the procedures and limitations heretofore noted, prior to a child being separated from its parents, a court proceeding or hearing must be held and such action will be initiated by a "complaint" filed pursuant to s. 39.04, supra.
Neither the Division of Mental Health nor the Division of Mental Retardation has comparable authority to that of the Division of Corrections by which a child born to an inmate may be retained in the facility until it reaches the age of eighteen months and under which it may arrange for such a child's care outside of the institution while the mother is an inmate. See s. 944.24(2) and (3), F.S.
In the absence of any specific statutory direction to the contrary, I am of the opinion that the administrator of a state institution or hospital facility should advise the guardian or designated representative of such inmate or patient (or, when appropriate, the husband of such inmate or patient) of the birth of such child. If there be no such husband, guardian, or representative, the administrator of the affected state institution or hospital facility should advise the circuit court established in and for the county in which the child is found, by proper complaint pursuant to s. 39.04(1), supra, that such a child is now within the county, at his facility, who may be a dependent child within the purview of Ch. 39, F.S., and furnish the court such facts as are sufficient to establish its jurisdiction and support a finding by the court that the child is dependent. The authority to take a child away from its parents is vested in the circuit court of the county in which the child is found, unless the judge thereof, with the approval of the judge of the circuit court of the county in which is located the domicile or usual residence of the child, shall transfer the case and the child to the latter court, in which event the latter court shall thereafter exercise exclusive jurisdiction over such child. Agencies of the state, like other persons, are governed in their actions by the provisions of ss. 39.04(1) and 409.145(2), F.S.