PER CURIAM.
This is an appeal from an “order on report of general master of order on petition for custody.” In sum, the order ratified and approved the report of the general master which awarded the custody of a minor child to appellee/respondent, the alleged natural father of the child. Appellant/petitioner, the maternal grandmother of the child, contends that the evidence presented before the general master and chancellor did not sustain an award of custody to appellee; rather, appellant argues, the evidence demonstrated that the interest of the child would best be served by awarding her custody.
Based upon our review of the record, we find merit in appellant’s contentions. Therefore, it is our opinion that the order appealed from must be reversed. In lieu of setting forth the entire facts of this case in detail, we state only those factors which have influenced our decision and have led us to the conclusion that the child’s interest would best be served by giving custody to appellant.
Firstly, we note that the child, age 22 months at the time of the filing of the petition for custody, was born out of wedlock to appellant’s daughter, Shirley Ann Norton, on November 4, 1974. On December 8,1974, Ms. Norton died as a result of a gun shot wound to the head for which ap-pellee was adjudged to be guilty and sentenced to five years in the State Penitentiary.
Secondly, we note that neither the report from the Division of Family Services nor the report from the Domestic Relations Staff of the Circuit Court recommended that appellee be given custody of the child. In fact, the former report concluded with the recommendation that custody of the child be granted to appellant, the child’s maternal grandmother, while the latter report concluded only with the statement that appellee’s “present incarceration should not denigrate his image to the point that he should not be given consideration as a father and future custodian of the child.”
Thirdly, we note that the evidence does not support the finding that appellee is the natural father of the child. An affidavit of one Henry Lee Howell is contained in the record, said affidavit acknowledging the fact that he, rather than appellee, is the father of the child. In addition, a letter written by the deceased to Howell, prior to her marriage to appellee, named Howell as the father. Moreover, it appears from the record that appellee neither had physical “access” to the deceased at the time of the child’s conception, nor, by way of verified pleading, actually claimed that he was the child’s natural father.
Finally, the record reveals that in contrast to the environment of the incarcerated appellee, appellant, who already has custody of the child’s only sister, can provide both a stable and familial surrounding for her grandchild.
In conclusion, based upon appellee’s manslaughter conviction and present incarceration, the uncertainties surrounding his future home environment, the absence of verified pleadings addressed to his paternity and the underwhelming recommendation of the Domestic Relations Staff, it is our opinion that the chancellor abused his discretion in granting appellee custody of the child. In contrast, the record, and in particular, the recommendation of the Division of Family Services, supports the view that appellant will provide a healthy and warm environment for the child. As such, we believe the child’s best interests coincide *786 with appellant’s desire to have custody of the minor. Little v. Franklin, 40 So.2d 768 (Fla.1949); Silvestri v. Silvestri, 309 So.2d 29 (Fla. 3d DCA 1975); Heffernan v. Goldman, 256 So.2d 522 (Fla. 4th DCA 1971).
Accordingly, the order appealed from is hereby reversed and remanded with directions to enter an order awarding appellant custody of her minor grandchild.
Reversed and remanded with directions.