HENDRY, Judge.
This is an appeal by Margarita Raisa Rodriguez Steglich, the natural mother of a child born out of wedlock, from a final judgment of the Circuit Court of Dade County determining (1) that Armando Guerrero is the father of her illegitimate child, Armando, (2) that he pay certain sums for the child’s support and (3) that Guerrero is entitled to visitation rights with the child.
Appellee commenced these proceedings in December, 1978 with his petition for visitation rights with his illegitimate son who was then about two years of age. Appellant answered, denying that appellee was the father of the child, and additionally moved for judgment on the pleadings and summary judgment. From a denial of both motions she appealed to this court, without success. Staglish v. Guerrero, 381 So.2d 1155 (Fla. 3d DCA 1980). Upon remand to the trial court, the mother was granted a summary judgment which Guerrero appealed. This court reversed and remanded, finding that material issues of fact existed concerning the putative father’s paternity of the child, precluding summary judgment. Guerrero v. Staglish, 400 So.2d 190 (Fla. 3d DCA 1981). Upon remand, a hearing was held at which the court heard testimony of Guerrero, the appellant and her husband, Mr. Steglich. This timely appeal was taken following entry of the trial court’s order on appellant’s motion for rehearing.
The mother’s principal contention on appeal is that the trial court erred in granting visitation rights to the father, Guerrero. We find merit in this contention and reverse this ruling. Appellant points out, and we agree, that there was insufficient evidence as to whether the natural father’s visitation rights with his illegitimate child would be in the best interests of the child at this time.
The law is well settled that the best interests and welfare of an illegitimate child are the primary concerns when dis *210 putes as to the child’s custody arise, whether the dispute is between the mother and father, or between strangers. Arnd’t v. Prose, 94 So.2d 818 (Fla.1957); Robinson v. Vance, 357 So.2d 784 (Fla. 3d DCA 1978); Dillman v. Dillman, 105 So.2d 33 (Fla. 2d DCA 1958). We find insufficient evidence in the record as to whether the rights of visitation awarded the father would be in the best interest of the child. It appears from the record that the father has not had any contact with the child since he was about two years of age, and the child does not know his father. His stepfather, Mr. Steglich, is the only father he has ever known. The mother and Mr. Steglich have been married since August, 1978 and have made a home for the child and his younger half-sister.
The other points raised have also been considered and found to be without merit.
Accordingly, the judgment appealed is affirmed except as to that provision which grants visitation rights to the father. Such provision is reversed and the cause is remanded for further hearing and determination of the father’s right to visitation in light of the best interests and welfare of the child.
Affirmed in part, reversed in part and remanded.